## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 3G LICENSING, S.A., | ) | |
| KONINKLIJKE KPN N.V., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| LENOVO GROUP LTD., LENOVO HOLDING | ) | |
| CO., INC., AND LENOVO (UNITED STATES) | ) | **JURY TRIAL DEMANDED** |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiffs 3G Licensing, S.A. (hereafter "3G Licensing") and Koninklijke KPN N.V. (hereafter "KPN") (collectively "Plaintiffs") make the following allegations against Lenovo Group Ltd., Lenovo Holding Co., Inc., and Lenovo (United States) Inc. (collectively "Lenovo" or "Defendants"):

## BACKGROUND

1.  3G Licensing holds more than 400 patent and patent applications fundamental to a variety of core technologies involving consumer electronics and wireless telecommunication implementations.  3G Licensing's patents have been licensed by many of the world's leading mobile technology companies, including Lenovo's competitors.

2.  KPN's extensive research and development efforts have led to hundreds of issued patents in the United States and across the world.  These patents have in turn been licensed by leading

global telecommunications companies, including many of Lenovo's mobile technology competitors.

3.  3G Licensing and KPN have made their patents available for license on an individual basis through bilateral negotiations and, at the licensor's option, collectively through joint licensing or patent pool licensing arrangements.

4.  Two of the patents asserted here were previously the subject of a lawsuit that was pending, until its resolution shortly before trial, in the Eastern District of Texas.  During that litigation the court construed many disputed claim terms and the Patent Trial and Appeal Board largely declined to institute a Petition for *Inter Partes* Review of the asserted claims finding "no reasonable likelihood" that several of the asserted claims were invalid in light of the grounds raised.

5.  Despite lengthy negotiations involving senior members of the parties, Lenovo has refused to license, on mutually agreeable terms, the patents described herein.  Plaintiffs therefore file this suit against Lenovo seeking the Court's protection of their valuable intellectual property rights.

## <u>PARTIES</u>

6.  Plaintiff 3G Licensing, S.A., is an intellectual property licensing corporation, with its headquarters at 6, Avenue Marie-Thérèse, L-2132 Luxembourg.

7.  Plaintiff KPN is a telecommunications (including fixed, mobile, television and internet) and ICT solution provider headquartered at Maanplein 55, NL-2516 CK, The Hague, The Netherlands.

8.  Upon information and belief, Defendant Lenovo Group Ltd. is a corporation organized and existing under the laws of China, with its principal place of business located at Shangdi

Information Industry Base, No. 6 Chuang Ye Road, Haidan District, 100085 Beijing, China. Defendant Lenovo Group Ltd. may be served through its registered agent for service of process – The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

9.   Upon information and belief, Defendant Lenovo Holding Co., Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 1009 Think Place, Morrisville, North Carolina 27650.

10. Defendant Lenovo Holding Co., Inc. may be served through its registered agent for service of process – The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

11. Upon information and belief, Defendant Lenovo (United States) Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 1009 Think Place, Morrisville, North Carolina 27650. Defendant Lenovo (United States) Inc. may be served through its registered agent for service of process – The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

12. This action arises under the patent laws of the United States, Title 35 of the United States Code.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. This Court has personal jurisdiction over Defendants because Defendants have, directly or through intermediaries, committed acts within Delaware giving rise to this action and/or have

established minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

15. Defendants have placed, and are continuing to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the State of Delaware, including in this District.

16. Upon information and belief, Defendants have derived substantial revenues from their infringing acts occurring within the State of Delaware and within this District. In addition, Defendants have, and continue to, knowingly induce infringement within this District by advertising, marketing, offering for sale and/or selling devices containing infringing functionality within this District, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the use of infringing functionality with knowledge thereof.

17. Venue is proper under 28 U.S.C. §§ 1391(b) and (c), and 1400.

## THE ASSERTED PATENTS

18. This lawsuit asserts causes of action for infringement of United States Patent Nos. 6,212,662 ("'662 patent"); 9,014,667 ("'667 patent"); 7,933,564 ("'564 patent"); 7,995,091 ("'091 patent"); and 6,856,818 ("'818 patent") (collectively, the "Asserted Patents").

19. The '662 and '667 patents were previously the subject of litigation captioned *Koninklijke KPN N.V., v. Samsung Electronics Co., Ltd., et al.*, Civil Action Nos. 2:14-cv-1165 and Civil Action No. 2:15-cv-948 (E.D. Tex.).

20. On July 8, 2016, the United States Patent and Trademark Office, Patent Trial and Appeal Board (PTAB) largely declined to institute *inter partes* review of the '662 patent, finding "no reasonable likelihood of prevailing" on the majority of the invalidity contentions raised by in the Petition, including all invalidity contentions affecting claims 3 and 4 of the '662 patent.   On September 21, 2016, on the eve of the appointed trial date, the parties filed a "Joint Stipulation to Dismiss" that lawsuit.

21. Defendants have been on notice of the asserted patents, were invited to take a license to the asserted patents, and have declined to license the asserted patents.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 6,212,662

22. On April 3, 2001, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,212,662 entitled, "Method and Devices for the Transmission of Data With the Transmission Error Checking."  KPN is the owner by assignment of the '662 patent and holds all right, title and interest to the '662 patent.  A true and correct copy of the '662 patent is attached as Exhibit A.

23. Plaintiffs repeat and incorporate the allegations set forth in paragraph 21.

24. Lenovo has infringed and continues to infringe the '662 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, infringing products without authorization.

25. Lenovo directly infringed and continues to directly infringe one or more claims of the '662 Patent by making, selling, using, importing, or offering to sell products or methods that infringe the '662 Patent, including but not limited to the Lenovo IdeaTab A2107 and related or

similar communication devices, as well as technology or infrastructure making use of or incorporating the same or similar error checking technology described in Ex. A (hereafter "the '662 Accused Products").

26. In addition to the foregoing and/or in the alternative, Lenovo indirectly infringes the '662 Patent by inducing and contributing to infringement by others, including but not limited to OEMs, partners, service providers, manufacturers, importers, resellers, customers, and/or end users, in accordance with 35 U.S.C. § 271(b), in this District and elsewhere in the United States. Lenovo is actively, knowingly, and intentionally inducing infringement of the '662 Patent by practicing the methods set forth therein and by selling, offering to sell and/or importing into the United States the '662 Accused Products; with the knowledge and specific intent that third parties, such as those described above, will continue to, either alone or in combination with Lenovo, practice the patented methods, and use, sell, offer for sale, and/or import the '662 Accused Products supplied by Lenovo to infringe the '662 Patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the '662 Accused Products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to the '662 Accused Products and infringing uses thereof.

27. In addition to the foregoing and/or in the alternative, Lenovo has knowingly contributed to the infringement of one or more claims of the '662 Patent under 35 U.S.C. § 271(c).  Lenovo is actively, knowingly and intentionally contributing to the infringement of the '662 Patent by selling, offering to sell, and/or importing into the United States, the '662 Accused Products, with the knowledge that they are especially designed or adapted to operate in a manner that infringes the '662 Patent; with the knowledge that third parties, including those set forth above, will

continue to, either alone or in combination with Lenovo, infringe the claims of the '662 patent, and with the knowledge that the infringing technology in the '662 Accused Products is not a staple article of commerce suitable for substantial non-infringing use.

28. In addition to the foregoing, Lenovo had pre-suit knowledge of the '662 patent and has knowingly made, used, offered to sell, sold, and/or imported into the United States the '662 Accused Products that infringed and continue to infringe the '662 patent under 35 U.S.C. § 271. Because Lenovo did so with knowledge of the '662 patent, Lenovo is liable for willful infringement.

29. Lenovo's acts of infringement have caused damage to KPN, and KPN is entitled to recover from Lenovo the damages it has sustained as a result of Lenovo's wrongful acts in an amount subject to proof at trial.

## COUNT 2

## INFRINGEMENT OF U.S. PATENT NO. 9,014,667

30. On April 21, 2015, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,014,667 ("the '667 patent") entitled, "Telecommunications Network and Method for Time-Based Network Access." KPN is the owner by assignment of the '667 patent and holds all right, title and interest to the '667 patent. A true and correct copy of the '667 patent is attached as Exhibit B.

31. Plaintiffs repeat and incorporate the allegations set forth in paragraph 21.

32. Lenovo has infringed and continues to infringe the '667 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, infringing products without authorization.

33. Lenovo directly infringed and continues to directly infringe one or more claims of the '667 Patent by importing, offering to sell, selling, or using products or methods that infringe the '667 Patent, including but not limited to the Lenovo ThinkPad T450S and related or similar communication devices, as well as technology or infrastructure making use of or incorporating the same or similar network access technology described in Ex. B (hereafter "the '667 Accused Products").

34. In addition to the foregoing and/or in the alternative, Lenovo indirectly infringes the '667 Patent by inducing and contributing to infringement by others, including but not limited to OEMs, partners, service providers, manufacturers, importers, resellers, customers, and/or end users, in accordance with 35 U.S.C. § 271(b), in this District and elsewhere in the United States. Lenovo is actively, knowingly, and intentionally inducing infringement of the '667 Patent by practicing the methods set forth therein and by selling, offering to sell and/or importing into the United States the '667 Accused Products; with the knowledge and specific intent that third parties, such as those described above, will continue to, either alone or in combination with Lenovo, practice the patented methods, and use, sell, offer for sale, and/or import the '667 Accused Products supplied by Lenovo to infringe the '667 Patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the '667 Accused Products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to the '667 Accused Products and infringing uses thereof.

35. In addition to the foregoing and/or in the alternative, Lenovo has knowingly contributed to the infringement of one or more claims of the '667 Patent under 35 U.S.C. § 271(c). Lenovo is actively, knowingly and intentionally contributing to the infringement of the '667 Patent by

selling, offering to sell, and/or importing into the United States, the '667 Accused Products, with the knowledge that they are especially designed or adapted to operate in a manner that infringes the '667 Patent; with the knowledge that third parties, including those set forth above, will continue to, either alone or in combination with Lenovo, infringe the claims of the '667 patent, and with the knowledge that the infringing technology in the '667 Accused Products is not a staple article of commerce suitable for substantial non-infringing use.

36. In addition to the foregoing, Lenovo had pre-suit knowledge of the '667 patent and has knowingly made, used, offered to sell, sold, and/or imported into the United States the '667 Accused Products that infringed and continue to infringe the '667 patent under 35 U.S.C. § 271. Because Lenovo did so with knowledge of the '667 patent, Lenovo is liable for willful infringement.

37. Lenovo's acts of infringement have caused damage to KPN, and KPN is entitled to recover from Lenovo the damages it has sustained as a result of Lenovo's wrongful acts in an amount subject to proof at trial.

## COUNT 3

## INFRINGEMENT OF U.S. PATENT NO. 7,933,564

38. On April 26, 2011, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,933,564 entitled, "Method for the Multi-Antenna Transmission of a Linearly-Precoded Signal, Corresponding Devices, Signal and Reception Method." 3G Licensing is the owner by assignment of the '564 patent and holds all right, title and interest to the '564 patent. A true and correct copy of the '564 patent is attached as Exhibit C.

39. Plaintiffs repeat and incorporate the allegations set forth in paragraph 21.

40. Lenovo has infringed and continues to infringe the '564 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, infringing products without authorization.

41. Lenovo directly infringed and continues to directly infringe one or more claims of the '564 Patent by making, selling, using, importing, or offering to sell products or methods that infringe the '564 Patent, including but not limited to the Moto Z Droid and related or similar communication devices, as well as technology or infrastructure making use of or incorporating the same or similar signal transmission technology described in Ex. C (hereafter "the '564 Accused Products").

42. In addition to the foregoing and/or in the alternative, Lenovo indirectly infringes the '564 Patent by inducing and contributing to infringement by others, including but not limited to OEMs, partners, service providers, manufacturers, importers, resellers, customers, and/or end users, in accordance with 35 U.S.C. § 271(b), in this District and elsewhere in the United States. Lenovo is actively, knowingly, and intentionally inducing infringement of the '564 Patent by practicing the methods set forth therein and by selling, offering to sell and/or importing into the United States the '564 Accused Products; with the knowledge and specific intent that third parties, such as those described above, will continue to, either alone or in combination with Lenovo, practice the patented methods, and use, sell, offer for sale, and/or import the '564 Accused Products supplied by Lenovo to infringe the '564 Patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the '564 Accused Products and/or the creation and dissemination of promotional and marketing materials,

supporting materials, instructions, product manuals, and/or technical information relating to the '564 Accused Products and infringing uses thereof.

43. In addition to the foregoing and/or in the alternative, Lenovo has knowingly contributed to the infringement of one or more claims of the '564 Patent under 35 U.S.C. § 271(c). Lenovo is actively, knowingly and intentionally contributing to the infringement of the '564 Patent by selling, offering to sell, and/or importing into the United States, the '564 Accused Products, with the knowledge that they are especially designed or adapted to operate in a manner that infringes the '564 Patent; with the knowledge that third parties, including those set forth above, will continue to, either alone or in combination with Lenovo, infringe the claims of the '564 patent, and with the knowledge that the infringing technology in the '564 Accused Products is not a staple article of commerce suitable for substantial non-infringing use.

44. In addition to the foregoing, Lenovo had pre-suit knowledge of the '564 patent and has knowingly made, used, offered to sell, sold, and/or imported into the United States the '564 Accused Products that infringed and continue to infringe the '564 patent under 35 U.S.C. § 271. Because Lenovo did so with knowledge of the '564 patent, Lenovo is liable for willful infringement.

45. Lenovo's acts of infringement have caused damage to 3G Licensing, and 3G Licensing is entitled to recover from Lenovo the damages it has sustained as a result of Lenovo's wrongful acts in an amount subject to proof at trial.

## COUNT 4

## INFRINGEMENT OF U.S. PATENT NO. 7,995,091

46. On August 9, 2011, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,995,091 entitled, "Mixed Media Telecommunication Call Manager." 3G Licensing

is the owner by assignment of the '091 patent and holds all right, title and interest to the '091 patent.  A true and correct copy of the '091 patent is attached as Exhibit D.

47. Plaintiffs repeat and incorporate the allegations set forth in paragraph 21.

48. Lenovo has infringed and continues to infringe the '091 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, infringing products without authorization.

49. Lenovo directly infringed and continues to directly infringe one or more claims of the '091 Patent by making, selling, using, importing, or offering to sell products or methods that infringe the '091 Patent, including but not limited to the Moto Z Droid and related or similar communication devices, as well as technology or infrastructure making use of or incorporating the same or similar communication transferring technology described in Ex. D (hereafter "the '091 Accused Products").

50. In addition to the foregoing and/or in the alternative, Lenovo indirectly infringes the '091 Patent by inducing and contributing to infringement by others, including but not limited to OEMs, partners, service providers, manufacturers, importers, resellers, customers, and/or end users, in accordance with 35 U.S.C. § 271(b), in this District and elsewhere in the United States. Lenovo is actively, knowingly, and intentionally inducing infringement of the '091 Patent by practicing the methods set forth therein and by selling, offering to sell and/or importing into the United States the '091 Accused Products; with the knowledge and specific intent that third parties, such as those described above, will continue to, either alone or in combination with Lenovo, practice the patented methods, and use, sell, offer for sale, and/or import the '091 Accused Products supplied by Lenovo to infringe the '091 Patent; and with the knowledge and

specific intent to encourage and facilitate the infringement through the dissemination of the '091 Accused Products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to the '091 Accused Products and infringing uses thereof.

51. In addition to the foregoing and/or in the alternative, Lenovo has knowingly contributed to the infringement of one or more claims of the '091 Patent under 35 U.S.C. § 271(c). Lenovo is actively, knowingly and intentionally contributing to the infringement of the '091 Patent by selling, offering to sell, and/or importing into the United States, the '091 Accused Products, with the knowledge that they are especially designed or adapted to operate in a manner that infringes the '091 Patent; with the knowledge that third parties, including those set forth above, will continue to, either alone or in combination with Lenovo, infringe the claims of the '091 patent, and with the knowledge that the infringing technology in the '091 Accused Products is not a staple article of commerce suitable for substantial non-infringing use.

52. In addition to the foregoing, Lenovo had pre-suit knowledge of the '091 patent and has knowingly made, used, offered to sell, sold, and/or imported into the United States the '091 Accused Products that infringed and continue to infringe the '091 patent under 35 U.S.C. § 271. Because Lenovo did so with knowledge of the '091 patent, Lenovo is liable for willful infringement.

53. Lenovo's acts of infringement have caused damage to 3G Licensing, and 3G Licensing is entitled to recover from Lenovo the damages it has sustained as a result of Lenovo's wrongful acts in an amount subject to proof at trial.

## COUNT 5

## INFRINGEMENT OF U.S. PATENT NO. 6,856,818

54. On February 15, 2005, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,856,818 entitled, "Data store for mobile radio station." 3G Licensing is the owner by assignment of the '818 patent and holds all right, title and interest to the '818 patent. A true and correct copy of the '818 patent is attached as Exhibit E.

55. Plaintiffs repeat and incorporate the allegations set forth in paragraph 21.

56. Lenovo has infringed and continues to infringe the '818 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, infringing products without authorization.

57. Lenovo directly infringed and continues to directly infringe one or more claims of the '818 Patent by making, selling, using, importing, or offering to sell products or methods that infringe the '818 Patent, including but not limited to the Moto Z Droid and related or similar communication devices, as well as technology or infrastructure making use of or incorporating the same or similar data storage technology described in Ex. E (hereafter "the '818 Accused Products").

58. In addition to the foregoing and/or in the alternative, Lenovo indirectly infringes the '818 Patent by inducing and contributing to infringement by others, including but not limited to OEMs, partners, service providers, manufacturers, importers, resellers, customers, and/or end users, in accordance with 35 U.S.C. § 271(b), in this District and elsewhere in the United States. Lenovo is actively, knowingly, and intentionally inducing infringement of the '818 Patent by practicing the methods set forth therein and by selling, offering to sell and/or importing into the

United States the '818 Accused Products; with the knowledge and specific intent that third parties, such as those described above, will continue to, either alone or in combination with Lenovo, practice the patented methods, and use, sell, offer for sale, and/or import the '818 Accused Products supplied by Lenovo to infringe the '818 Patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the '818 Accused Products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to the '818 Accused Products and infringing uses thereof.

59. In addition to the foregoing and/or in the alternative, Lenovo has knowingly contributed to the infringement of one or more claims of the '818 Patent under 35 U.S.C. § 271(c). Lenovo is actively, knowingly and intentionally contributing to the infringement of the '818 Patent by selling, offering to sell, and/or importing into the United States, the '818 Accused Products, with the knowledge that they are especially designed or adapted to operate in a manner that infringes the '818 Patent; with the knowledge that third parties, including those set forth above, will continue to, either alone or in combination with Lenovo, infringe the claims of the '818 patent, and with the knowledge that the infringing technology in the '818 Accused Products is not a staple article of commerce suitable for substantial non-infringing use.

60. In addition to the foregoing, Lenovo had pre-suit knowledge of the '818 patent and has knowingly made, used, offered to sell, sold, and/or imported into the United States the '818 Accused Products that infringed and continue to infringe the '818 patent under 35 U.S.C. § 271. Because Lenovo did so with knowledge of the '818 patent, Lenovo is liable for willful infringement.

61. Lenovo's acts of infringement have caused damage to 3G Licensing, and 3G Licensing is entitled to recover from Lenovo the damages it has sustained as a result of Lenovo's wrongful acts in an amount subject to proof at trial.

## DEMAND FOR JURY TRIAL

62. Plaintiffs hereby demand a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A.     Declaring that Lenovo has infringed the Asserted Patents, contributed to infringement of the Asserted Patents, and/or induced infringement of the Asserted Patents;

B.     Awarding damages arising out of Lenovo's infringement of the Asserted Patents, including enhanced damages pursuant to 35 U.S.C. § 284, to Plaintiffs, together with prejudgment and post-judgment interest, in an amount according to proof;

C.     Awarding attorneys' fees to Plaintiffs pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

D.     Awarding such other costs and further relief as the Court may deem just and proper.

Dated: January 30, 2017

Of Counsel:

Lexie G. White
Jeffrey S. David
SUSMAN GODFREY,  L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
lwhite@susmangodfrey.com
jdavid@susmangodfrey.com

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
farnan@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*