IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICTOF DELAWARE

|  |  |  |
|---|---|---|
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V. and ORANGE S.A., | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 17-84-LPS |
| | : | |
| LENOVO HOLDING CO., INC., LENOVO (UNITED STATES) INC. and MOTOROLA MOBILITY LLC, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## MEMORANDUM ORDER

At Wilmington this **16th** day of **February, 2021**:

WHEREAS, on September 29, 2020, the Court issued a Memorandum Opinion (D.I. 432[1]) and Order (D.I. 433) granting in part and denying in part Plaintiffs 3G Licensing, S.A. ("3G"), Koninklijke KPN N.V. ("KPN"), and Orange S.A.'s ("Orange") (collectively, "Plaintiffs") motion for partial summary judgment (D.I. 331) and granting in part and denying in part Defendants Lenovo Holding Co., Inc., Lenovo (United States) Inc., and Motorola Mobility LLC's (collectively, "Motorola") motion for summary judgment (D.I. 336);

WHEREAS, in particular, the Court denied Defendants'[2] (including Motorola's) motion for summary judgment that the accused products do not infringe claim 1 of U.S. Patent No.

---

[1] Unless otherwise noted, all references to the docket index ("D.I.") are to entries in C.A. No. 17-84.

[2] "Defendants" include BlackBerry Limited, BlackBerry Corporation, HTC Corporation, and Motorola.  (D.I. 432 at 1)

7,995,091 ("'091 patent") because the products do not meet the claim limitations of "two calls" and the "initiat[ion]" of a second call (D.I. 432 at 10-11);

WHEREAS, on October 13, 2020, Motorola filed a motion for reargument regarding this portion of the Court's summary judgment order (*see* D.I. 438);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, having considered the relevant filings and related materials (*see, e.g.*, D.I. 438, 441, 443-45; *see also* D.I. 362 Exs. 69, 70; D.I. 443 Ex. A), Motorola's motion (D.I. 438) is **DENIED**.

1.      "Pursuant to Local Rule 7.1.5, a motion for reconsideration or reargument should be granted only 'sparingly.'" *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 2015 WL 1883960, at *1 (D. Del. Apr. 24, 2015). The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are typically granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp.2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

2.      A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence

not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp.2d at 295.

3.     Motorola essentially argues that the Court misapprehended the record, improperly relying on one of Plaintiffs' experts, Dr. Madisetti, who is not an expert against Motorola, resulting in manifest injustice. (*See* D.I. 438 at 2-4) But the Court did not deny Motorola's motion based on Dr. Madisetti's opinion. Instead, it did so based on the opinion of Dr. Cohen – Plaintiffs' expert against Motorola – and the other evidence in the record against Motorola which a reasonable juror could credit. (*See, e.g.*, D.I. 432 at 11-12) (citing certain of Dr. Cohen's opinions relating to Lenovo and Motorola) That the Court's opinion (on motions filed, briefed, and argued by multiple defendants in multiple related cases and resolved in a single, consolidated opinion) could have been clearer on this point does not provide a meritorious basis for reconsideration.

4.     Dr. Cohen offered substantially similar opinions to those of Dr. Madisetti (*see, e.g.*, D.I. 362 Ex. 70 ¶¶ 202-59), such that a reasonable jury could credit Dr. Cohen's analysis that two calls are made rather than one. (*See generally* D.I. 337 at vi) (Defendants acknowledging Dr. Cohen and Dr. Madisetti offered "substantially identical" opinions in at least certain respects) Dr. Cohen analyzed the same evidence as Motorola's expert, Dr. Wicker, and explains how Dr. Wicker uses an erroneous understanding of "call." (D.I. 362 Ex. 70 at ¶¶ 242-49) Contrary to Defendants' contention that "for the SIP protocol, Dr. Cohen never disputed Motorola's expert's evidence" (D.I. 443 Ex. A at 2), Dr. Cohen opined that his review of the SIP standards are descriptions of "sessions" and not "calls" (D.I. 362 Ex. 70 ¶¶ 243-44). Similarly,

despite Defendants' contention that "Dr. Cohen did not provide any opinion on source code" and did not refute certain testimony (D.I. 438 at 4), Dr. Cohen opined that the source code "is not relevant to infringement," adding he did not find the testimony identified by Motorola "to be consistent with what is reflected in the documents, including the call flows" (D.I. 362 Ex. 70 ¶ 249).  The totality of Dr. Cohen's expert opinions, in conjunction with all of the evidence in the record with respect to Motorola (including source code evidence), reveals genuine disputes of material fact as to whether Motorola infringes the '091 patent.

**IT IS FURTHER ORDERED** that Defendants' motion to file a reply in support of its motion for reargument (D.I. 443), which does not appear to be opposed by Plaintiffs (*see* D.I. 444 at 1), is **GRANTED**.  The Court has considered Defendants' focused, two-page reply brief (D.I. 443 Ex. A), as well as the parties' briefs arguing about that brief (*see* D.I. 444, 445), and has found it helpful to deciding the issues presented in the motion for reargument.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE